76 F.3d 458
 Fed. Sec. L. Rep. P 99,029, 33 Fed.R.Serv.3d 1356
 SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
Henry W. LORIN, Eugene K. Laff, Stanley Aslanian, Jr., Toni
Vallen, Rosario Russell Ruggiero, Enn Kunnapas,
Paul L. Miano, Edward J. Barter, Defendants,
Capital Shares, Inc. and Lawrence Caito, Defendants-Appellants.
 No. 1019, Docket 95-6148.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 16, 1996.
Decided Feb. 5, 1996.
 
 Susan S. McDonald, Senior Litigation Counsel, Securities and Exchange Commission, Washington, D.C. (Simon M. Lorne, General Counsel, Eric Summergrad, Principal, Assistant General Counsel, John R. Brautigam, Paul Gonson, Solicitor, Securities and Exchange Commission, Washington, D.C., on the brief), for Plaintiff-Appellee.
 Grover S. Parnell, Jr., Davis, Malm & D'Agostine, Boston, Massachusetts (Susan F. Drogin, Boston, Massachusetts, on the brief), for Defendants-Appellants.
 Before: KEARSE, WALKER, and HEANEY,* Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendants Capital Shares, Inc. ("Capital"), and its president and sole shareholder Lawrence Caito appeal from an order entered in the United States District Court for the Southern District of New York following a bench trial before Harold Baer, Jr., Judge, finding principally that Capital and Caito engaged in manipulation of the market for certain publicly traded securities, in violation of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) (1994), and §§ 9(a) and 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78i(a) and 78j(b) (1994), and various regulations promulgated thereunder by the Securities and Exchange Commission ("SEC"), including Rule 10b-5, 17 C.F.R. § 240.10b-5 (1995). The court granted a permanent injunction and ordered that appellants disgorge their profits from the trading of the securities. On appeal, appellants contend principally that the district court (1) erred in finding that they violated the securities laws because it misunderstood the operations of securities market-makers, (2) should have allowed them to present expert testimony to explain the nature of such operations, and (3) abused its discretion in fashioning relief. We reject most of appellants' contentions substantially for the reasons stated in the district court's Opinion and Order, reported at 877 F.Supp. 192 (1995). We vacate and remand only for the district court to enter an injunctive order in conformity with Fed.R.Civ.P. 65(d).
 
 
 2
 The present civil action was brought by the SEC against Capital, Caito, and others, alleging principally that they had manipulated the prices of certain publicly traded securities (the "Haas stocks"). Several codefendants of Capital and Caito, including Stanley Aslanian, Jr., had been convicted of criminal offenses relating to these activities. Certain codefendants admitted that there had been an agreement to engage in such manipulation, and Aslanian and other employees of Haas Securities testified that Capital and Caito were among the participants in that agreement who were to sell Haas stocks at a guaranteed profit. Appellants did not dispute that such an agreement had existed, but Caito testified that he did not know about the agreement and did not knowingly act in furtherance of it. The trial court found, inter alia, that Capital and Caito knew of the manipulation agreement and knowingly participated in carrying it out. Appellants contend that the court should have rejected the testimony of the SEC's witnesses and credited that of Caito and should have drawn different inferences from the evidence. Their contentions provide no basis for reversal.
 
 
 3
 The trial court's findings of fact after a bench trial may not be overturned unless they are clearly erroneous. Fed.R.Civ.P. 52(a). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); see United States v. Yellow Cab Co., 338 U.S. 338, 342, 70 S.Ct. 177, 179-80, 94 L.Ed. 150 (1949). Nor are we entitled to second-guess the trial court in its assessments of witness credibility. See, e.g., Anderson v. Bessemer City, 470 U.S. at 575, 105 S.Ct. at 1512 ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error."). There was evidence in the present case to support the court's findings that appellants knowingly participated in the scheme to manipulate Haas stocks, and those findings are not clearly erroneous.
 
 
 4
 Appellants also contend that they should have been allowed to present expert testimony supporting their position as to how a market-maker operates. We see no basis for reversal. In a June 19, 1992 pretrial order, appellants were ordered to designate their expert witness, if any, by October 30, 1992; they requested and received an extension of that deadline to December 31, 1992. They did not seek to designate an expert, however, until November 1994. With no adequate excuse having been offered, and the trial having been scheduled for just three weeks later, the district court did not abuse its discretion in rejecting appellants' eleventh-hour attempt to designate an expert to be called at trial.
 
 
 5
 Nor do we find merit in appellants' substantive challenges to the relief ordered by the district court. The court has broad discretion in deciding whether to grant or deny injunctive relief. See, e.g., SEC v. Parklane Hosiery Co., 558 F.2d 1083, 1089-90 (2d Cir.1977). We have noted that "[w]hen the violation has been founded on systematic wrongdoing, rather than an isolated occurrence, a court should be more willing to enjoin future misconduct." United States v. Carson, 52 F.3d 1173, 1184 (2d Cir.1995) (internal quotation marks omitted). We have also noted that the court may properly view a culpable defendant's continued protestations of innocence as an indication that injunctive relief is advisable. See, e.g., SEC v. Manor Nursing Centers, Inc., 458 F.2d 1082, 1101 (2d Cir.1972).
 
 
 6
 In the present case, appellants argued, inter alia, that an injunction was inappropriate in light of the SEC's failure to move for preliminary injunctive relief in the seven years intervening between the time of their conduct and the time of trial. While a district court may properly consider the amount of time between the violations and the trial in deciding whether to issue an injunction, that interval is just one factor among several to be weighed. See generally SEC v. Universal Major Industries Corp., 546 F.2d 1044, 1048 (2d Cir.1976), cert. denied, 434 U.S. 834, 98 S.Ct. 120, 54 L.Ed.2d 95 (1977). In this case, the district court placed greater emphasis on appellants' " 'propensity for future violations based on the totality of the circumstances.' " 877 F.Supp. at 201 (quoting SEC v. First City Financial Corp., 890 F.2d 1215, 1228 (D.C.Cir.1989)). It found that appellants' offenses were not isolated but were frequent and egregious, and that appellants' persistent refusals to admit any wrongdoing "ma[de] it rather dubious that they are likely to avoid such violations of the securities laws in the future" in the absence of an injunction. 877 F.Supp. at 201. In all the circumstances, we see no abuse of discretion in the court's weighing of the factors and its conclusion that a permanent injunction is appropriate.
 
 
 7
 We cannot conclude, however, that the injunction was sufficiently specific. The Federal Rules of Civil Procedure provide that
 
 
 8
 [e]very order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained....
 
 
 9
 Fed.R.Civ.P. 65(d). This Rule "reflects Congress' concern with the dangers inherent in the threat of a contempt citation for violation of an order so vague that an enjoined party may unwittingly and unintentionally transcend its bounds." Sanders v. Air Line Pilots Ass'n, 473 F.2d 244, 247 (2d Cir.1972); see also 11A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2955, at 308-09 (2d ed. 1995).
 
 
 10
 Here, there apparently was no judgment entered in accordance with Fed.R.Civ.P. 58 and 79, and though the district court's original Opinion and Order stated the reasons for granting an injunction, it did not specify the conduct enjoined, stating merely that in view of the "likelihood that the defendants will engage in further violations of the securities laws if not enjoined, a permanent injunction is hereby ordered against Caito and [codefendant] Ruggiero." 877 F.Supp. at 202. The court subsequently ordered that "the permanent injunction issued against Caito be similarly issued against Capital Shares," Order dated June 5, 1995, again without elaboration. We conclude that the injunction lacks the requisite specificity, and that on remand the district court should, in accordance with Rule 65(d), describe in reasonable detail the conduct enjoined.
 
 
 11
 Finally, we reject the challenge to the district court's order that appellants disgorge all of the profits they received from trading in Haas securities during the several-month period in question. Appellants argue that any disgorgement should have been limited to profits from transactions with the other parties to the manipulation agreement, who guaranteed appellants' profits, and that appellants should not be required to turn over their profits from sales to others. We disagree.
 
 
 12
 The decision to order disgorgement of ill-gotten gains, and the calculation of those gains, lie within the discretion of the trial court, which "must be given wide latitude in these matters." SEC v. Patel, 61 F.3d 137, 140 (2d Cir.1995). Where disgorgement calculations cannot be exact, "any risk of uncertainty ... should fall on the wrongdoer whose illegal conduct created that uncertainty." Id. (internal quotation marks omitted); see also SEC v. First City Financial Corp., 890 F.2d at 1232 (burden shifts to wrongdoer to show what transactions were unaffected by his offenses). It was well within the discretion of the district court in the present case to reason that because the purpose and effect of the scheme was to manipulate and stabilize the prices of the Haas stocks, appellants likely profited from the scheme in all of their trades in those securities.
 
 
 13
 We have considered all of appellants' contentions on this appeal and, except as indicated above, have found them to be without merit. The order of the district court finding that appellants violated the federal securities laws, determining that a permanent injunction is appropriate, and ordering disgorgement, is affirmed. The matter is remanded to the district court for entry of an injunction in conformity with Fed.R.Civ.P. 65(d).
 
 
 14
 Costs to plaintiff.
 
 
 
 *
 Honorable Gerald W. Heaney, of the United States Court of Appeals for the Eighth Circuit, sitting by designation